UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Trustees of the Sheet Metal
Local No. 10 Control Board
Trust Fund,

               Plaintiffs,

   vs.                              ORDER TO SHOW CAUSE

Aabbott Ferraro, Inc.,

               Defendant.        Civ. No. 08-981 (PJS/RLE)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

This action came before the undersigned United States Magistrate Judge on a routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

This action was commenced on April 8, 2008, with the filing of a Complaint. See, Docket No. 1. On April 18, 2008, an Affidavit of Service was filed, which disclosed that the Defendant was served with the Summons and Complaint on April 15, 2008. See, Docket No. 2. By Order dated May 5, 2008, and pursuant to the stipulation of the parties, we granted the Defendant an extension of time in which to file an Answer, or otherwise respond to the Complaint, until May 26, 2008. See,

<u>Docket Nos. 3-4</u>.  On June 3, 2008, following the expiration of that deadline, without any Answer or other responsive pleading being filed by the Defendant, as required by Rule 12, Federal Rules of Civil Procedure, this Court issued an Order, which directed counsel for the Plaintiffs to notify the Defendant of its obligation to serve and file an Answer or some other responsive pleading, and advised that an application for entry of default was required within ten (10) days of such notification if no response was filed.  See, <u>Docket No. 5</u>.  Accordingly, on June 24, 2008, the Plaintiffs applied for an entry of default against the Defendant, see, <u>Docket No. 6</u>, which was granted by the Clerk of Court on June 25, 2008.  See, <u>Docket No. 7</u>.

Nearly nine (9) months have since passed, without any further action by the Plaintiffs, including a Motion for Default Judgment.  Given these circumstances, we issue this Order requiring the Plaintiffs to show cause why this action should not be dismissed, as a sanction for their failure of prosecution.  See, <u>Rule 41(b)</u>, <u>Federal Rules of Civil Procedure</u> (authorizing involuntary dismissal for failure of prosecution); see also, <u>Link v. Wabash R.R. Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Moreover, we caution counsel for the Plaintiffs that, if they continue to neglect the prosecution of their clients' actions, by waiting to be prompted by Orders from this Court, **then counsel for the Plaintiffs will be subject to appropriate sanctions.** We routinely must shepherd these actions through the pretrial process, by issuing Orders directing the Plaintiffs' counsel to take some action which should have been taken without Court prompting.  The alternative is to allow our docket to become needlessly burdened by actions as to which no party seems to have any interest in progressing to a conclusion.  Periodically, we issue a warning, such as this one, and relief is obtained for a fleeting period of time, and then we are again confronted with the same resistance to proper file processing.  Our function is not to serve as the personal secretary to the Plaintiffs' law firm, so as to assure that they abide by the mandate of Rule 1, Federal Rules of Civil Procedure.  A word to the wise should be sufficient.

Accordingly, the Plaintiffs shall have until **March 30, 2009**, by which to show cause, in writing, why this action should not be dismissed for want of prosecution.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs are directed to show cause, in writing, **by no later than March 30, 2009**, why this action should not be dismissed for failure of prosecution.

BY THE COURT:

Dated:  March 23, 2009                    s/Raymond L. Erickson
                                          Raymond L. Erickson
                                          CHIEF U.S. MAGISTRATE JUDGE