UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

The Trustees of the Sheet Metal Local #10
Control Board Trust Fund,

        Plaintiffs,

vs.

Aabbott Ferraro, Inc.,

        Defendant.

_____

Civil File No.  08-CV-981 (PJS/RLE)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**

## SYNOPSIS

Defendant Aabbott Ferraro, Inc. ("Defendant") is in default and Plaintiffs seek entry of judgment against Defendant in the amount of $67,151.10 for fringe benefit contributions, liquidated damages, and attorneys' fees and costs due for the months of December, 2007 and September, 2008.

## STATEMENT OF FACTS

Plaintiffs are Trustees and fiduciaries of the Sheet Metal Local #10 Control Board Trust Fund ("Fund") Complaint at ¶ 1 (Court Docket No. 1).  The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A) and a clearinghouse for a number of multiemployer fringe benefit plans established to provide pension, health and welfare, educational and other benefits for employees pursuant to the terms of written labor agreements.  *Id*.

1

The Fund is maintained by the Union and Twin Cities Subdivision of the Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA") for the benefit of workers pursuant to a Collective Bargaining Agreement. Complaint at ¶ 3. The Fund and their trustees are responsible for determining and collecting the amount due the various employee fringe benefit funds from employers who have entered into a Collective Bargaining Agreement with the Union. *Id*. Jurisdiction of this action exists by virtue of ERISA § 502, 29 U.S.C. § 1132, and 29 U.S.C. §1145. *Id*. at ¶ 4.

At all times material herein, Defendant, by delegating its authority to SMARCA to be its exclusive collective bargaining representative, accepted and agreed to be bound to a certain Collective Bargaining Agreement (a/k/a Local 10/Metro Area Agreement) between the Commercial Subdivision of the Twin Cities SMARCA and Sheet Metal Workers Local No. 10. Affidavit of Sheila Rice ("Rice Aff.") at ¶ 3, Ex. A. The Collective Bargaining Agreement requires Defendant to make fringe benefit contributions to the Fund in accordance with its terms. *Id*. at ¶ 4, Ex. A, pp. 11-20. These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' health, welfare, pension, and vacation benefits, among others. *Id.*

Employers such as Defendant are required by the Collective Bargaining Agreement to compute their contribution obligation and pay it to the agent of the Trustees on or before the 10th day of the month following the month in which work is performed. Rice Aff. at ¶ 5, Ex A., p. 19. These contributions must be made on behalf of all

employees covered by the Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employees' benefits. *Id.* Defendant is also required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require. *Id.*

At the time the Complaint in this matter was filed, Defendant had breached the terms of the Collective Bargaining Agreement by failing to produce the monthly fringe fund reports for the months of December, 2007 through September, 2008. Rice Aff. at ¶ 6. Subsequent to the Complaint being filed and served, the Defendant submitted the fringe benefit report forms due for the months of December, 2007 through September, 2009. *Id.* at ¶ 7. Pursuant to those reports, Defendant owes Plaintiffs $54,165.35 for fringe benefit contributions for the months of December, 2007 through September, 2008. *Id.*, Ex. B.

The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for failure to submit monthly reports and contributions in a timely fashion, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting of any delinquency. Rice Aff. at ¶ 8, Ex. A, p. 19. If not received on the 10th day of the <u>next</u> month, liquidated damages increase to 20% of delinquent contributions. *Id.* Defendant owes Plaintiffs liquidated damages in the amount of 20% for each month, therefore Defendant is liable to Plaintiffs $10,832.00 for liquidated damages as a result of its failure to remit contributions in a timely manner. *Id.* at ¶ 9. In addition, Plaintiffs have incurred attorneys' fees and costs totaling $2,153.75 in

this matter. Affidavit of Amy L. Court at ¶ 5 ("Court Aff."). Accordingly, the total amount due for fringe benefit contributions, liquidated damages and attorneys' fees and costs for the months of December, 2007 through September, 2008, is $67,151.10.

The Summons and Complaint were filed with the Court on April 1, 2008. (Court Docket No. 1). The service of the Summons and Complaint was accomplished upon Defendant on April 15, 2008. (Court Docket No. 2). The time allowed by law and specified in the Summons for the Defendant to answer the Complaint has lapsed. Defendant has failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel. On June 24, 2008 the Trustees filed an Application for Entry of Default. *See* (Court Docket No. 4). The Application was granted on June 25, 2008 and default was entered. *See* (Court Docket No. 7). This Motion follows.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO DEFAULT JUDGMENT FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Rule 55 of the Federal Rules of Civil Procedure governs motions for Default Judgments. Rule 55 (a) provides as follows:

> When a party against whom a judgment for affirmative relief as sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default.

In this case, no Answer has been served; consequently, Defendant is deemed to have admitted the allegations in the Complaint and Plaintiffs are entitled to Entry of Judgment for the relief sought in the Complaint.

## II. PLAINTIFFS ARE ENTITLED TO A MONEY JUDGMENT FOR THE AMOUNTS DUE FOR FRINGE BENEFIT CONTRIBUTIONS.

### A. Delinquent Contributions

Federal Rule of Civil Procedure 55(b) gives the court discretion to take necessary steps to ascertain the amount of damages:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take into account or to determine the amount of damages or to establish the truth of an averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . .

Fed. R. Civ. P. 55(b).

The Collective Bargaining Agreement, under which Defendant is bound, sets forth the proper formulas for determining the amount of contributions owed to Plaintiffs by an employer. Plaintiffs' Administrator, through sworn testimony, has established that the amounts due for delinquent fringe benefit contributions, based on Defendant's own reports, for the months of December, 2007 through September, 2008 is $54,165.35. Rice Aff. at ¶ 7, Ex. B.

### B. Liquidated Damages

Plaintiffs' Complaint asserts a claim for unpaid contributions <u>and</u> liquidated damages under 29 U.S.C. §1145 and pursuant to the relevant collective bargaining agreement. ERISA requires that employers who are obligated to make contributions to multiemployer employee benefit plans "shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or [collectively bargained for agreement]." Plaintiffs alleged, and Defendants admitted, that

the Collective Bargaining Agreement requires payment of liquidated damages. Complaint. In addition, 29 U.S.C. §1132 (g)(2) provides that "In any action to enforce section 1145" . . . the courts are required to award the following if a judgment in favor of the plan is awarded": (a) unpaid contributions; (c) liquidated damages; and (c) attorney's fees and costs. 29 U.S.C. §1132(g)(a)-(c).

Plaintiffs are entitled to an award of liquidated damages for all unpaid fringe benefit contributions due as of the filing of the Complaint and those amounts that become delinquent during the pendency of the litigation. *Carpenters & Joiners Welfare Fund, et al. v. Gittleman Corp.,* 857 F.2d 476 (8th Cir. 1988). Awards of liquidated damages and interest are mandatory in an action in which any judgment in favor of the plan is awarded. 29 U.S.C. § 1132(g)(2); *Advanced Lightweight Concrete*, 484 U.S. 547; *Bricklayers Pension Trust Fund v. Rosati, Inc.,* 187 F.3d 634 (6th Cir. 1999); *Anker Energy Corp. v. Consolidation Coal Co.,* 177 F.3d 161, 179 (3rd Cir. 1999); *Board of Trustees of Watsonville Frozen Food Welfare*, 877 F.2d 1415, 1428 (9th Cir. 1989); *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc.,* 870 2d 1148, 1156 (7th Cir. 1989). These courts have found that liquidated damages compensate ERISA plans for delay and give employers an incentive to be forthcoming with payments. *Id.*

The Collective Bargaining Agreement's 10% liquidated damages and 20% penalty clause is well within reason, and is a vital term designed to protect the Plaintiffs from the damages caused by an employer's untimely submission of fringe benefit contributions.

6

After Plaintiffs filed the lawsuit *Trustees of Nat. Elevator Industry Pension v. Lutyk*, 140 F.Supp.2d 447 (E.D. Pa., May 4, 2001)(plaintiffs may seek interest and liquidated damages associated with contributions remitted in an untimely matter after commencement of lawsuit); *Iron Workers District Council v. Hudson Steel*, 68 F.3d 1502, 1507-1508 (2nd Cir. 1995)(plaintiffs' recovery of relief under section 1132(g)(2) is not dependent upon whether or not employer pays delinquent contributions prior to judgment). *See also Central States Southeast Pension Fund v. Kroger Co.,* 226 F.3d 903, 911 (7th Cir. 2000).

As set forth in the accompanying affidavits and exhibits, Defendant is liable to Plaintiffs for an additional 10% of contributions not timely submitted as liquidated damages, or 20% if paid subsequent to the 10th of the second delinquent month. Defendants remitted contributions in an untimely fashion, and are therefore liable for $10,832.00 in liquidated damages in accordance with the Collective Bargaining Agreement.  Rice Aff. at ¶ 9.

### C. Attorneys Fees and Costs.

Under section 502(g)(2) of ERISA, an award of reasonable attorney fees and costs is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multiemployer plan.  29 U.S.C. § 1132(g)(2); *Advanced Lightweight Concrete*, 484 U.S. at 547; *Trust Fund Local 33 v. DiBernardo*, 664 F.2d 1344, 1346 (9th Cir. 1982).  An employer may not avoid liability for attorney's fees incurred by a plan attempting to collect delinquent contributions by repaying and

7

resuming the contributions. *Carpenters Amended & Restated Health Benefit Fund v. Ryan Construction Co.,* 767 F.2d 1170 (5th Cir. 1985). Pursuant to the Affidavit of Amy L. Court, Plaintiffs are owed $2,153.75 for attorney's fees and costs incurred in prosecuting this action. Court Aff. at ¶ 5.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request its Motion for Entry of Judgment be granted in its entirety.


Date:  April 2   , 2009.          McGRANN SHEA ANDERSON CARNIVAL
                                  STRAUGHN & LAMB, CHARTERED


                                  By  s/ Amy L. Court
                                      Amy L. Court
                                        Atty. Reg. No. 319004
                                      800 Nicollet Mall, Suite 2600
                                      Minneapolis, MN 55402
                                      Telephone: (612) 338-2525

                                  *Attorneys for Plaintiffs*


382401.DOC