UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

The Trustees of the Sheet Metal Local #10
Control Board Trust Fund,

       Plaintiffs,

vs.

Aabbott Ferraro, Inc.,

       Defendant.

_____

Civil File No.  08-CV-981 (PJS/RLE)

**PLAINTIFFS' AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT**

## SYNOPSIS

Defendant is in Default and Plaintiffs seek entry of a money judgment for all amounts due pursuant to a Collective Bargaining Agreement and Trust Agreement for delinquent fringe benefit contributions, liquidated damages and attorneys' fees and costs.

## STATEMENT OF FACTS

Plaintiffs are Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Fund").  Complaint at ¶ 1 (Court Docket No. 1).  The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).  *Id.*  In addition, the Fund is a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health and welfare, vacation, industry and training funds and other benefits to employees pursuant to the

terms of various labor agreements.  Affidavit of Sheila Rice ("Rice Aff.") at ¶ 2 (Court Docket No. 17).

Defendant Aabbott Ferraro, Inc. ("Aabbott Ferraro") is a member of the Twin Cities Division of Sheet Metal and Roofing Contractors Association ("SMARCA"). Supplemental Affidavit of Sheila Rice ("Sup. Rice. Aff.") at ¶ 2, Ex. C.  Members of SMARCA delegate to SMARCA the authority to negotiate labor agreements on behalf of its members with the Sheet Metal Workers Local No. 10.  *Id*. at ¶ 3, Ex. D.  Accordingly, by virtue of Aabbott Ferraro's membership in SMARCA, Aabbott Ferraro is bound to a Collective Bargaining Agreement between the Commercial Subdivision of SMARCA and the Sheet Metal Workers Local No. 10.  *Id*. at ¶ 4; Rice Aff. at ¶ 3, Ex. A.  SMARCA and Sheet Metal Workers Local No. 10 have not yet ratified a new Collective Bargaining Agreement so the Collective Bargaining Agreement attached as Exhibit A to the Rice Affidavit remains in effect.  Sup. Rice. Aff. at ¶ 5.

The Collective Bargaining Agreement requires Aabbott Ferraro to make fringe benefit contributions to the Fund in accordance with its terms.  Rice Aff. at ¶ 4, Ex. A, pp. 11-20.  Specifically, the Collective Bargaining Agreement requires Aabbott Ferraro to submit contributions to the Fund on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein.  *Id.*  In submitting the contributions to the Fund pursuant to the Collective Bargaining Agreement, Aabbott Ferraro is required to compute their contribution obligation and pay it to the agent of the Trustees on or before the 10th day of the month following the month in which work is

performed. *Id*. at ¶ 5, Ex A., p. 19. In addition, Aabbott Ferraro is required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require including the contributions due and owing on each employee's behalf. *Id.*

At the time the Complaint in this matter was filed, Aabbott Ferraro had breached the terms of the Collective Bargaining Agreement by failing to submit the monthly fringe fund reports for the months of December, 2007 through September, 2008 to the Fund. Rice Aff. at ¶ 6. Subsequent to the Complaint being filed and served, Aabbott Ferraro submitted the fringe benefit reports for the months of December, 2007 through September, 2008. *Id*. at ¶ 7. Pursuant to those reports, Aabbott Ferraro owes the Fund $54,165.35 for fringe benefit contributions for the months of December, 2007 through September, 2008. *Id*., Ex. B.

The Collective Bargaining Agreement states that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. Rice Aff. at ¶ 8, Ex. A, p. 19. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent. *Id.* Liquidated damages of $10,832.00 are due and owing for the months of December, 2007 through September, 2008. *Id*. at ¶ 9.

Finally, the Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. Rice Aff. at ¶ 8, Ex. A, p. 19.  The Fund incurred attorneys' fees and costs totaling $2,153.75 in this matter.  Affidavit of Amy L. Court at ¶ 5 ("Court Aff.").  Accordingly, the total amount due for fringe benefit contributions, liquidated damages and attorneys' fees and costs for the months of December, 2007 through September, 2008, is $67,151.10.  Rice Aff. at ¶¶ 7, and 9; Court Aff. at ¶ 5.

The Summons and Complaint were filed with the Court on April 1, 2008. (Court Docket No. 1).  The service of the Summons and Complaint was accomplished upon Defendant on April 15, 2008. (Court Docket No. 2).  The time allowed by law and specified in the Summons for the Defendant to answer the Complaint has lapsed.  Defendant has failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon Plaintiffs' counsel.  On June 24, 2008 the Trustees filed an Application for Entry of Default. *See* (Court Docket No. 4). The Application was granted on June 25, 2008 and default was entered.  *See* (Court Docket No. 7).  This Motion follows.

## ARGUMENT

**I.    PLAINTIFFS ARE ENTITLED TO ENTRY OF A MONEY JUDGMENT FOR ALL AMOUNTS DUE FOR DELINQUENT FRINGE BENEFIT CONTRIBUTIONS, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS.**

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Because Aabbott Ferraro chose not to answer the Complaint, after being personally served with the same, and the Clerk of Court entered default against Aabbott Ferraro pursuant to Federal Rule of Civil Procedure 55(a), Aabbott Ferraro's liability to the Fund for violations of Section 515 is established.  *See Brown v. Kenron Aluminum & Glass Corp.,* 477 F.2d 526, 531 (8th Cir. 1973)("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover.")  Accordingly, the only remaining issue for the Court is the amount of the Fund's damages.  *Id*; *See also Flynn v. Williams Masonry,* 233 F.R.D. 176, 177 (D.D.C. 2005) (finding damages where court had entered default in an ERISA case and holding that "[t]he only issue before the Court ... is the amount of damages owed by the defendants to the plaintiffs.")

The Fund's damages claim is predicated upon Section 502(g)(2) of ERISA which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce § 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
>> (A)   the unpaid contributions,
>>
>> (B)   interest on the unpaid contributions,
>>
>> (C)   an amount equal to the greater of-

        (i)       interest on the unpaid contributions, or

        (ii)      liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

As the plain language of the Section 502(g)(2) makes clear, once liability under Section 515 is established, upon proper proof, the Court is required to award the Fund damages for: (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) an amount equal to the interest on the unpaid contributions or liquidated damages provided under the Plan and (4) reasonable attorneys' fees and the costs of the action. 29 U.S.C. § 1132(g)(2); *see also United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn,* 787 F.2d 128, 134 (3d Cir. 1986) ("The language of [§ 1132(g)(2)] is mandatory."), *aff'd by, Pension Benefit Guar. Corp. v. United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan,* ,481 U.S. 735 (1987); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.,* 239 F.Supp.2d 26, 31 (D.D.C. 2002)("When a court awards a default judgment against a

6

defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court must award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorney's fees and costs of the action.")  "The legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.,* 484 U.S. 539, 548 (1988).

Pursuant to Fed. R. Civ. Pro. 55(b), if, after taking all allegations in the Complaint as true, the total amount of damages is not liquidated, the Court shall hold a hearing on the amount of damages. *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir. 2001).  Upon default a Court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly."  *Pope v. United States,* 323 U.S. 1, 12 (1944).  In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the Court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters,* 239 F.Supp.2d at 30 (*citing United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (findings on the amount of damages cannot be based on averments alone but may be founded on sworn affidavits).  Finally, the Court

must also afford the Fund all reasonable inferences from the evidence offered. *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981); *Int'l Painters.,* 239 F.Supp.2d 26 at 30.

In this case, the Fund submitted sworn testimony from Sheila Rice, the Fund's Administrator, setting forth the amount due for delinquent fringe benefit contributions and liquated damages. This amount is based off of the reports that were prepared by Aabbott Ferraro itself, which are before the Court for review. In addition, the Fund's counsel has submitted sworn testimony as to the nature, extent, and reasonableness of the attorneys' fees and costs incurred by the Fund in this action. This sworn testimony and documentary evidence is sufficient for the Court to award damages to the Fund in the amount of $67,151.10.

## CONCLUSION

Given the facts and related law in this action, Plaintiffs respectfully request its Motion for Entry of Judgment be granted in its entirety.

Date: May 21, 2009                             McGRANN SHEA CARNIVAL
                                                STRAUGHN & LAMB, CHARTERED


                                                By  s/ Amy L. Court
                                                    Amy L. Court
                                                      Atty. Reg. No. 319004
                                                    800 Nicollet Mall, Suite 2600
                                                    Minneapolis, MN 55402
                                                    Telephone: (612) 338-2525

                                                *Attorneys for Plaintiffs*

390567.DOC