UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

THE TRUSTEES OF THE SHEET METAL
LOCAL #10 CONTROL BOARD TRUST FUND,

      Plaintiffs,

v.

AABBOTT FERRARO, INC.,

      Defendant.
_____

Case No. 08-CV-0981 (PJS/RLE)

FINDINGS OF FACT
CONCLUSIONS OF LAW AND
ORDER FOR ENTRY OF JUDGMENT

This matter was heard before the undersigned on June 2, 2009. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of Plaintiffs. There was no appearance on behalf of Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on April 8, 2008. Defendant was served with the Summons and Complaint in this matter on April 15, 2008.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk of Court entered default on June 25, 2008.

4. Plaintiffs are Trustees and fiduciaries of the Sheet Metal Local #10 Control Board Trust Fund ("Fund"). The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to ERISA § 3 (37)(A), 29 U.S.C. § 1002 (37)(A).

5. The Fund is also a clearinghouse for a number of multiemployer fringe benefit plans established to provide pension, health and welfare, educational and other benefits for employees pursuant to the terms of written labor agreements.

6. Defendant Aabbott Ferraro, Inc. ("Aabbott Ferraro") is a member of the Twin Cities Division of Sheet Metal and Roofing Contractors Association ("SMARCA").

7. Members of SMARCA delegate to SMARCA the authority to negotiate labor agreements on behalf of its members with the Sheet Metal Workers Local No. 10.

8. By virtue of Aabbott Ferraro's membership in SMARCA, Aabbott Ferraro is bound to a Collective Bargaining Agreement between the Commercial Subdivision of SMARCA and the Sheet Metal Workers Local No. 10.

9. SMARCA and Sheet Metal Workers Local No. 10 have not yet ratified a new Collective Bargaining Agreement so the Collective Bargaining Agreement attached as Exhibit A to the Rice Affidavit remains in effect.

10. The Collective Bargaining Agreement requires Aabbott Ferraro to make fringe benefit contributions to the Fund in accordance with its terms.

11. Specifically, the Collective Bargaining Agreement requires Aabbott Ferraro to submit contributions to the Fund on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein.

12. In submitting the contributions to the Fund pursuant to the Collective Bargaining Agreement, Aabbott Ferraro is required to compute their contribution obligation and pay it to the agent of the Trustees on or before the 10th day of the month following the month in which work is performed.

13. Aabbott Ferraro is required to submit to the agent a monthly payroll report on a standard form containing such information about the employees in the bargaining unit as the Trustees may require including the contributions due and owing on each employee's behalf.

14. At the time the Complaint in this matter was filed, Aabbott Ferraro had breached the terms of the Collective Bargaining Agreement by failing to submit the monthly fringe fund reports for the months of December, 2007 through February 2008 to the Fund.

15. Subsequent to the Complaint being filed and served, Aabbott Ferraro submitted the fringe benefit reports for the months of December, 2007 through September, 2008.

16. Pursuant to those reports, Aabbott Ferraro owes the Fund $54,165.35 for fringe benefit contributions for the months of December, 2007 through September, 2008.

17. The Collective Bargaining Agreement states that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month.  However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Fund on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

18. Liquidated damages of $10,832.00 are due and owing for the months of December, 2007 through September, 2008.

19. The Collective Bargaining Agreement states that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.

20. The Fund incurred attorneys' fees and costs totaling $2,153.75 in this matter.

21. The total amount due for fringe benefit contributions, liquidated damages and attorneys' fees and costs for the months of December, 2007 through September, 2008, is $67,151.10.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to entry of a Money Judgment.

2. Defendant owes Plaintiffs $54,165.35 for fringe benefit contributions for the months of December, 2007 through September, 2008.

3. Defendant owes Plaintiffs $10,832.00 for liquidated damages.

4. Defendant owes Plaintiffs $2,153.75 for attorneys' fees and costs.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' Motion for Entry of Judgment [Docket No. 14] is granted.

2. That judgment shall be entered in favor of Plaintiffs and against Defendant Aabbott Ferraro, Inc. in the amount of $67,151.10.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 2, 2009            s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge